FILED
SUPERIOR COURT
OF GUAM

2021 SEP 28 PM 1: 03

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

**PEOPLE OF GUAM,**

v.

**JUAN FAISAO MENDIOLA,**
*aka* **John F. Mendiola**
DOB: 07/04/1963

Defendant.

**Criminal Case No. CF0245-20**
GPD Report No. 20-11619

**DECISION AND ORDER
DENYING
DEFENDANT'S MOTION
FOR NEW TRIAL**

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on September 2, 2021 for hearing on Defendant Juan Faisao Mendiola's (*aka* John F. Mendiola's) ("Defendant's") Motion For New Trial ("Motion"). Assistant Attorney General Sean Brown represents the People, and Attorneys Joseph Razzano and Joshua Walsh represent Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

### BACKGROUND

Defendant is charged with Murder (as a First Degree Felony) and Aggravated Assault (as a 2nd Degree Felony). Indictment (Jul. 27, 2020). Each charge is accompanied by a *Special Allegation*: Possession or Use of a Deadly Weapon in the Commission of a Felony. Id. Defendant is accused of murdering Peter John Tadeo Rios Jr. ("Victim") by shooting him with a handgun. Magistrate's Complaint (May 6, 2020).

A jury trial began on August 26, 2021 in the Supreme Court of Guam Courtroom. The room was modified to remove the public gallery areas so that the jury box would comply with Covid-19 social distancing protocols. Members of the public were consequently not allowed into the

Decision and Order Denying Defendant's Motion For New Trial
CF0245-20, *People of Guam v. Juan Mendiola*
Page 1 of 4

courtroom. Instead, remote video streaming areas were set up in both the first-floor central atrium of the Guam Judicial Center and in Judge Lamorena, III's trial courtroom. All audio and visuals were broadcasted through a webcam and its built-in microphone.

During the first day of trial, it was learned that members of the public could not meaningfully hear or see what was occurring during the trial. *See* Declaration of Mercedes Rosario at ¶ 3 (Aug. 30, 2021). Audio problems in the remote streams persisted throughout the entire first day of trial, with attorneys and witnesses sounding "muffled and garbled." Id. at ¶ 4. Furthermore, members of the public claimed they could not view the evidence presented (such as photos of the crime scene and the autopsy), as the courtroom image only took up a small portion of the screen. Id. at ¶ 5.

On August 30, 2021, Defendant filed his Motion For New Trial. Defendant argued that the Court's decision to exclude in-person viewing amounts to a violation of Defendant's right to a public trial. Motion at (6-7) (Aug. 30, 2021). Defendant claims that the exclusion of the public prejudices Defendant by heightening the enormity of the offense, eliminating the possibility of spectators coming forward with surprise testimony, and removing Defendant's family/friends whose presence might impact the jurors. Id. at 9-10. Defendant further argues that the Court failed to cure this defect because of the audio and visual problems pertinent throughout the live stream. Id. at 10. Defendant believes these audio and visual problems prevent the public from watching the case for irregularities, reviewing the evidence presented, and checking the demeanor of witnesses. Id. at 10-11. Defendant requested a new trial in light of these alleged violations. Id. at 11.

On August 31, 2021, the People filed their Opposition to Defendant's Motion ("Opposition"). The People argued the Court was justified in halting in-person viewing of the trial because of an overriding need to protect the Defendant, jurors, and members of the public from unnecessary exposure to the deadly Covid-19 virus. Opposition at 1-3 (Aug. 31, 2021). The People followed their Opposition up with a Memorandum of Points and Authorities in Support of Opposition ("People's Memorandum"). The People argued that the Court's solution of partially closing public viewing of the trial did not materially prejudice the Defendant because it was narrowly tailored to advance the Court's interest in limiting Covid-19 exposure and an alternative live-stream was offered. People's Memorandum at 2 (Aug. 31, 2021).

Decision and Order Denying Defendant's Motion For New Trial
CF0245-20, *People of Guam v. Juan Mendiola*
Page 2 of 4

The Court held a hearing on September 2, 2021. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

The Sixth Amendment to the United States Constitution guarantees that "in all criminal prosecutions, the accused shall enjoy the right to a speedy and *public trial*." U.S. Const. amend. VI (emphasis added). The Organic Act of Guam also guarantees that "in all criminal prosecutions the accused shall have the right to a speedy and *public trial*." 48 U.S.C. § 1421b(g) (emphasis added).

"The failure to hold a public trial is a structural error that infects the entire trial process." *U.S. v. Negron-Sostre*, 790 F.3d 295, 301 (1st Cir. 2015); *see also People v. Callahan*, 2018 Guam 17 ¶ 32 ("Structural errors…include…denial of a public trial.") (internal citations omitted). "Structural error in the form of a denial of the public trial right prejudices a defendant notwithstanding that the prejudice may be difficult to detect." *Negron*-Sostre, 790 F.3d at 305.

The Supreme Court of the United States has held that, to avoid committing structural error, courtroom closures must be justified by an overriding interest and tailored to be "no broader than necessary to protect that interest." *Waller v. Georgia*, 467 U.S. 39, 48 (1984).

The ongoing Covid-19 pandemic and surge of infections in Guam clearly presents an overriding interest to close the courtroom to in-person viewing from the public. This is made clear by the Guam Supreme Court's Administrative Order No. ADM21-232. That Administrative Order allowed jury trials to continue, so long as they adhere to social distancing guidelines. Administrative Order No. ADM21-232 at ¶ 6 (Apr. 12, 2021). However, that same Administrative Order stressed the need to "limit in-person contact as much as possible … by using available technologies … (e.g. Zoom)." Id. at ¶ 6. If jury trials are to continue while adhering to social distancing guidelines, they must use Zoom or other video screening services to broadcast the trials or they won't be public. This is precisely what the Court has done here.

Furthermore, partially closing the courtroom to in-person viewing from the public is tailored to be "no broader than necessary to protect" the court's interest. *Waller*, 467 U.S. at 48. This partial closure is only broad enough to allow for social distancing in the jury. An alternative

Decision and Order Denying Defendant's Motion For New Trial
CF0245-20, *People of Guam v. Juan Mendiola*
Page 3 of 4

viewing method was provided for members of the public, and members of the public were allowed into portions of the trial that were held in the larger San Ramon Courthouse.

While there may have been a few hiccups with capturing the audio at the beginning of the trial, the Court addressed these issues by temporarily pausing the trial to make several changes to the broadcast process. The broadcast issues were fully resolved once the trial resumed, and no additional complaints were made to the Court once these changes were made.

**CONCLUSION**

For the reasons stated above, the Court **DENIES** Defendant's Motion. Defendant's rights to a public trial were not violated, and he is not entitled to a new trial.

**IT IS SO ORDERED** this ·September 28. 2021 ·.



_____

**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_Abi Perrone_

_Walsh Towes_

Date: 9|28|21 Time: 1:25

_____

Deputy Clerk, Superior Court of Guam

Decision and Order Denying Defendant's Motion For New Trial
CF0245-20, *People of Guam v. Juan Mendiola*
Page **4** of **4**